Dec. 7,
1875.                             CATE *v.* FURBER.

*Quo warranto—Irregularity in elections—Acquiescence.*

Upon a petition for a writ of *quo warranto*, to inquire by what right a person holds the office of prudential committee of a school district, the writ will be denied when it appears that the petitionee was elected without objection, upon the mistaken understanding of the voters that there had been no election upon a prior balloting, although it turns out that in fact another person was elected, who, at the same meeting, being ignorant of his election, disqualified himself from holding the office by accepting another incompatible therewith, and that all the voters acquiesced therein.

CARROLL COUNTY.

PETITION to the superior court for a writ of *quo warranto*. The petitioner, an inhabitant, legal voter, and tax-payer in school-district No. 19, in Wolfeborough, complains that, at a legal meeting of said district, held March 31, 1875, Isaac W. Cotton, William H. Phillips, and Oliver R. Yeaton were duly elected the prudential committee of said district for the current year, took the oath of office, and ought now to be in the full and exclusive enjoyment of the honors and privileges of said office;

but that the defendant, an inhabitant and legal voter of said district, ever since the thirty-first day of March, 1875, hath used and exercised, and still doth use and exercise, the office of prudential committee of said district, without any warrant or lawful authority therefor; which said office, and the powers and authorities thereof, the defendant, during all the time aforesaid, hath usurped, and still doth usurp, contrary to law, and to the great damage and prejudice of the lawful authority of the state, and to the great injury of the rights of the petitioner and of the inhabitants of said district. Wherefore he prays the advice of the court in the premises, and for due process of law against the said Henry W. Furber, to answer by what warrant he claims to have, use, exercise, and enjoy the aforesaid office.

The defendant, in his answer, objects that the petition is informal and insufficient, and that the relief prayed for is defectively set forth; that the petition should be returnable to the next term of court; and, further, that he is not bound to answer, because the petition was not filed by the attorney-general, or by any one duly authorized by him in in behalf of the state; and that the public have no interest in said petition. The defendant then sets out the proceedings of the meeting, charges that one Carter was elected prudential committee of the district on the first ballot by a plurality of votes, but the moderator, misapprehending the law, declared there was no choice; that the plaintiff, well knowing and taking notice of said wrong declaration, but designing to further his own interests to the detriment of the district, failed to call the attention of the moderator and meeting to the fact that said declaration was wrongfully made; that for the same reason he neglected to call attention to the wrongful declaration of the result of the second balloting; that, after the fifth balloting had taken place, the plaintiff reminded the moderator that a plurality of votes elected in school district affairs; that the plaintiff, among others, thereupon examined the records to learn who had received a plurality of votes on previous ballots; that he moved that a ballot be taken to fill the vacancy in said board, and participated in said balloting, and made no objection when the defendant was declared elected; that all the persons declared elected were publicly sworn in; that the plaintiff was cognizant of all the proceedings, and made no objection, nor to the election of said Cotton as auditor; and that the plaintiff desires the defendant removed, that one may be established in his stead whom he can control.

The evidence is the same as that taken in *Cotton* v. *Phillips, ante,* 220.

*A. & F. A. Fowler,* for the plaintiff.

*Copeland* and *B. C. Carter,* for the defendant.

SMITH, J. The evidence shows that Cotton, Phillips, and Yeaton were duly elected prudential committee. But no one understanding that a plurality of votes would elect, it was not discovered that Cotton

had been elected until after the defendant, Furber, had also been elected, and the board, consisting of Phillips, Yeaton, and Furber, qualified by taking the oath of office in open meeting; after which Cotton was elected auditor, and accepted the office by being sworn, in open meeting. It does not appear to have been discovered that he had been elected prudential committee till after all this had been done. No objection is shown to have been made to the election of Furber, but, on the contrary, all the voters present acquiesced in the *status* in which matters were left at the adjournment of the meeting.

We have just decided, in *Cotton* v. *Phillips*, *ante*, 220, that Cotton, by accepting an incompatible office, disqualified himself from holding that of prudential committee. Whatever of irregularity existed in the election of prudential committee was cured by the general acquiescence of the voters in the doings of the district at that meeting, and by the action of Cotton in accepting the office of auditor, by which he must be regarded as having declined that of prudential committee. Under these circumstances I think the validity of Furber's election cannot be questioned.

Whether this proceeding should have been brought in the name of the attorney-general, it becomes unnecessary, therefore, to inquire.

CUSHING, C. J. I fully agree with what has been said by my brother SMITH. I do not understand that in this case any intentional wrong is complained of in the government of the meeting by the moderator. When the voting commenced, he understood that the election was by major vote, whereas, in point of fact, it was by plurality. I think the party ought to have discovered his rights and claimed them before another person had been elected and qualified, or not at all. However this may be, his acceptance of the office of auditor clearly disqualified him, and was a waiver of any right he might have to the office of prudential committee.

LADD, J., concurred.

*Writ denied.*